# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY ALLEN BOSTWICK, | : | CIVIL NO. 1:09-CV-2212 |
| Plaintiff, | : | (Judge Jones) |
| v. | : | (Magistrate Judge Smyser) |
| CORPORAL CLINTON SHOOP, | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### I. Background and Procedural History.

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on November 10, 2009.

The defendants named in the complaint are 1) Corporal Clinton Shoop; and 2) the Rye Township Police Department.

The plaintiff alleges the following facts in the complaint. On December 11, 2008, defendant Shoop attempted to serve a warrant on the plaintiff at the plaintiff's residence. The plaintiff decided to run from defendant Shoop. Defendant Shoop pursued the plaintiff.

In the course of the pursuit, the plaintiff jumped off a bank into a stream and broke his right leg. When defendant Shoop approached the plaintiff, the plaintiff told him that his leg was badly broken. Defendant Shoop said that he did not care.

Defendant Shoop handcuffed the plaintiff and dragged him out of the stream and up the bank. When the plaintiff was over the bank he was laying across a broken log. The plaintiff pleaded with defendant Shoop not to move him anymore. Defendant Shoop, nevertheless grabbed the plaintiff again and gave him a big pull over the log. The plaintiff's right knee slammed into the log. The plaintiff was crying and hollering at defendant Shoop. Defendant Shoop told him to stop faking it. Defendant Shoop then stood the plaintiff up, pushed the plaintiff toward his car which was 80 yards away and told the plaintiff that he was "going to walk or else." The plaintiff made it ten feet and collapsed to the ground. With the help of a nearby homeowner, defendant Shoop picked the plaintiff up and put him in the front bucket of a skid loader.

An ambulance arrived and took the plaintiff to the hospital. It was determined that the plaintiff's right tibia was broken and that his knee cap had collapsed. The plaintiff subsequently underwent two surgeries. Doctors told the plaintiff that the police officer had injured him further by moving him instead of waiting for emergency personnel to arrive.

The plaintiff claims that the defendant Rye Township Police Department is responsible for the actions of defendant Shoop.

The plaintiff claims that he was subjected to excessive force in violation of the Fourth Amendment and of his right to substantive due process. He also claims that he was subjected to

cruel and unusual punishment in violation of the Eighth Amendment.

The plaintiff is seeking compensatory and punitive damages.

By an Order dated December 9, 2009, the plaintiff's complaint as to defendant Rye Township Police Department and the Eighth Amendment and substantive due process claims were dismissed. The only remaining claim is a Fourth Amendment excessive force claim against defendant Shoop.

On January 21, 2010, defendant Shoop filed an answer to the complaint.

On June 23, 2010, the plaintiff filed a motion to compel discovery and a brief in support of that motion. On July 7, 2010, the defendant filed a brief in opposition. The plaintiff has not filed a reply brief.

For the reasons set forth below, we will order that the motion to compel discovery be denied in part and granted in part.

**II. Discussion**.

The scope of discovery is set forth in Fed.R.Civ.P. 26(b)(1). Pursuant to Fed.R.Civ.P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the

-3-

existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.*

The discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "For purposes of discovery, relevancy is broadly construed." *Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 662 F.Supp.2d 375, 380 (D.Del. 2009). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

"Although the scope of discovery is broad, it is not unlimited." *Inventio AG, supra,* 662 F.Supp.2d at 381. The court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).

-4-

Pursuant to Fed.R.Civ.P. 37(a), a party who has received an evasive or incomplete response to a discovery request may move for an order compelling discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought." *Paluch v. Dawson,* Civil No. 1:CV-06-01751, 2008 WL 2785638 at *2 (M.D.Pa. July 17, 2008)(Rambo, J.). "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Id.*

In his motion to compel, the plaintiff states that he has not received complete responses from the defendant to his discovery requests, and he asks the court to compel the defendant's production of certain documents and answers to interrogatories. We examine each request individually below:

A. Interrogatory No. 1.

The plaintiff's Interrogatory No. 1 reads:

(1) Personal Information
    A. Date of Birth
    B. Your present occupation and name of your employer
    C. Your record of military service (if any) and rank or position attained therein.
    D. Your education: schools attended and degrees (if any)) earned.

(Doc. 50, Ex. B at No. 1).

The defendant answered Interrogatory No. 1 as follows:

-5-

> OBJECTION. Answering Defendants' counsel objects to this interrogatory to the extent it seeks privileged information. Notwithstanding and without waiving the above-stated general and specific objections, Defendant Shoop is 40 years old and is currently employed by the Rye Township Police Department.

(Doc. 50, Ex. C at No. 1).

The defendant states in this brief that the plaintiff's request for personal information is not likely to lead to admissible evidence regarding whether he used reasonable force when he arrested the plaintiff. The defendant, however, did not in his answer to the interrogatory object to the request on the basis of relevance. The defendant did, however, raise lack of relevance in his general objections to the interrogatories.

The defendant's military record and educational history are reasonably likely to lead to the discovery of admissible evidence. It is not privileged information. Accordingly, we will grant the motion to compel as to this interrogatory, and the defendant will be ordered to state his military record and his educational history.

B. Interrogatory 3.

The plaintiff's Interrogatory No. 3 reads:

> (3) Reprimands or Complaints Received
>     A. Have you ever been accused of and/or reprimanded for unduly aggressive behavior in the performance of your job as a law enforcement officer?

(Doc. 50, Ex. B at No. 3).

The defendant answered that interrogatory as follows:

> Answering Defendants' counsel objects to this
> interrogatory because it is vague and ambiguous
> and not subject to reasonable interpretation.
> Notwithstanding the above-stated general and
> specific objections and without waiver thereof,
> none of which I am aware.

(Doc. 50, Ex. C at No. 3).

In response to the interrogatory the defendant states that he is not aware of any reprimands or complaints and does not possess any such documents. Although the defendant has not set forth a meritorious objection to the interrogatory, the defendant has answered the interrogatory and we find that the response is sufficient.

C. Interrogatory No. 5.

The plaintiff's Interrogatory No. 5 reads:

> (5) Trial Witnesses (if any)
> A. List names, addresses and any other pertinent information.
> B. Describe what relevant information, if any, the witness(es) posses.

(Doc. 50, Ex. B at No. 5).

The defendant answered that interrogatory as follows:

> Answering Defendants' counsel objects to this
> interrogatory to the extent that it seeks privileged
> work product. Notwithstanding and without waiving the
> above-stated general and specific objections, it has
> not been determined who will be called as a witness and
> answering defendants reserve the right to supplement
> this answer at a later time.

(Doc. 50, Ex. C at No. 5).

In response to the plaintiff's request to name all trial witnesses, the defendant states that he has not yet determined who will be called as witnesses at trial and will supplement this answer at a later date.

The defendant's work product privilege objection has no merit. A party must identify persons known to have relevant information and may reasonably be required to name potential trial witnesses; however, a party must also be accorded leave to revise a potential trial witness list up until a deadline reasonably set by the court. *See* Appendix B, Local Rules of Court, M.D.Pa.; Rule 26, Federal Rules of Civil Procedure. The defendant shall provide a complete answer to this interrogatory.

D. Document Request No. 1.

In his Document Request No. 1, the plaintiff requests defendant Shoop's prior work history and current employment status. (Doc. 50, Ex. A at No. 1).

The defendant responded to that request as follows:

OBJECTION. Answering Defendants object to this request to the extent that it is overbroad, unduly and unreasonably burdensome and oppressive. Answering Defendants also object to this request to the extent that it calls for information regarding matters not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the above-stated general and specific objections and without waiver thereof, Defendant Shoop is currently employed as a police officer for Rye Township. Prior to his employment with Rye Township, Corporal Shoop was a police officer with Duncannon Borough for 2 years.

-8-

Prior to Duccannon, Shoop was a police officer with
Millersburg Police Department for 2 years.

(Doc. 50, Ex. A at No. 1).

The objection is not meritorious.  However, the defendant's response is sufficient.

E. Document Request No. 2.

In his Document Request No. 2, the plaintiff requests

> (2) Copies of any and all complaints and/or reprimands concerning the use of excessive force, undue aggressiveness or misconduct, made verbally or in writing against Defendant Shoop while he has been employed as a law enforcement officer.

(Doc. 50, Ex. A at No. 2).

The defendant provided the following response:

> OBJECTION. Answering Defendants object to this request because it is vague and ambiguous and not subject to reasonable interpretation. Notwithstanding the above-stated general and specific objections and without waiver thereof, and to the extent that Plaintiff is seeking documents regarding use of force by Defendant Shoop during his employment with Rye Township, no such documents are in the possession of Answering Defendants.

(Doc. 50, Ex. A at No. 2).

The objection is not meritorious.  However, the defendant's response is sufficient.

F. Document Request No. 8.

In his Document Request No. 8, the plaintiff requests

> (8) Copies of any and all reports concerning the incidents connected with the apprehension, arrest and subsequent hospitalization of Plaintiff, and, especially comments made by Shoop pertaining to Plaintiff and said incidents of December 11, 2008.

(Doc. 50, Ex. A at No. 8).

The defendant states that he provided copies of the reports concerning the incident to the plaintiff. The plaintiff does not indicate or claim that other reports exist or that the defendant is withholding reports. The defendant's response is sufficient.

G. Document Request No. 9.

In his Document Request No. 2, the plaintiff requests

> (9) Full name and current legal address of the owner of the residential property at 2025 Valley Road, Marysville, Perry County, Pennsylvania who Plaintiff . . . believes may recall relevant facts concerning the conduct of the Shoop on December 11, 2008 as alleged in Plaintiff's Complaint.

(Doc. 50, Ex. A at No. 9).

The defendant answered as follows:

> OBJECTION. Answering Defendants object to this request because it seeks information available to Plaintiff from sources that are equally accessible to Plaintiff and the Defendants.

Doc. 50, Ex. A at No. 9).

-10-

The defendant states in his brief that he does not know the full name and current legal address as requested, that this information is equally available to the plaintiff, and that this information would be contained in the police report which was provided to the plaintiff. Moreover, the defendant claims that the plaintiff is already aware of the person's name. This response is sufficient.

H. Document Request No. 10.

In his Document Request No. 10, the plaintiff requests

> (10) Names and addresses of any other known witnesses, if any, to the incident involving Shoop's apprehension and arrest of Plaintiff on December 11 2008.

(Doc. 50, Ex. A at No. 10).

The defendant answered this request as follows:

> OBJECTION. Answering Defendants object to this request to the extent that it calls for information already known to Plaintiff or information available to Plaintiff from sources that are equally accessible to Plaintiff and the Defendants. Notwithstanding the above-stated general and specific objections and without waiver thereof, please see attached.

(Doc. 50, Ex. A at No. 10).

The defendant asserts that he attached a copy of the police report which would identify any witnesses to the incident. This response is not sufficient. The defendant must state the name and address of any witness known to him.

I. Document Request No. 11.

In his Document Request No. 11, the plaintiff requests

> (11) Copies of reports or documents in the possession of Defendants' supervisors in the Rye Township (Perry County) Police Department pertaining to the incidents described in the Plaintiffs formal Complaint, including comments regarding Defendant Officer Shoop's temperament or anger management problems.

(Doc. 50, Ex. A at No. 11).

The defendant answered this request as follows:

> OBJECTION. Answering Defendants object to this request to the extent that it is overbroad. Answering Defendants also object to this request to the extent that it calls for information regarding matters not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Answering Defendants further object to this request to the extent that it calls for information already known to Plaintiff or information available to Plaintiff from sources that are equally accessible to Plaintiff and the Defendants.

(Doc. 50., Ex. A at No. 11).

The response is not sufficient. The objection does not have merit. The defendant asserts in his brief that he provided a complete response to this request and that no such documents exist. The statement in the brief does not constitute an answer to a request for the production of documents. The defendant shall respond correctly to the request.

J. Document Request No. 12.

In his Document Request No. 12, the plaintiff requests

> (12) Names and office addresses of Commissioners, legal counsel and persons involved as policy

-12-

makers for the Rye Township (Perry County) Police
            Department.

(Doc. 50., Ex. A at No. 12).

    The defendant answered this request as follows:

    OBJECTION. Answering Defendants object to this request
    to the extent that it is overbroad. Answering
    Defendants also object to this request to the extent
    that it calls for information regarding matters not
    relevant to the subject matter of this action and not
    reasonably calculated to lead to the discovery of
    admissible evidence. Answering Defendants further
    object to this request to the extent that it calls for
    information already known to Plaintiff or information
    available to Plaintiff from sources that are equally
    accessible to Plaintiff and the Defendants.

(Doc. 50, Ex. A at No. 12).

The defendant asserts that the plaintiff's request for the names and addresses of commissioners, legal counsel and persons involved as policy makers for the Rye Township Police Department is not relevant to the remaining claim of excessive force. We agree that this request is not relevant because the claim against the Rye Township Police Department has been dismissed.

**III. Order.**

**IT IS ORDERED** that the defendant shall provide additional answers and documents in response to the plaintiff's interrogatories and requests for the production of documents as

indicated in the foregoing discussion on or before November 23, 2010.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: November 3, 2010.